IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO E. RIVERA ILARRAZA, | : |
| Plaintiff, | : NO. 1:15-cv-2406 |
| | : |
| v. | : (Rambo, J) |
| | : (Saporito, M.J.) |
| JAMES CHUTA, et al | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights action which is before the court on a motion to dismiss for failure to prosecute (Doc. 41) filed by the defendant, James Chuta. For the reasons that follow, it is recommended that the motion be granted.

### I. *Statement of the Case*

On December 7, 2015, the plaintiff, Julio Rivera-Ilarraza, commenced this action under 42 U.S.C. §1983 alleging that prison officials at SCI Mahanoy violated his constitutional rights by denying him the right to take part in Native American religious services and by failing to provide him with an interpreter to learn more about his Native American religion. Also, he claims he was prevented from growing his hair long. Ilarraza claims to be an ethnic Native American who

identifies as a female, although he is biologically a male.

On February 10, 2017, we recommended that Chuta's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (Doc. 16) be granted in part and denied in part. Our report recommended that only Ilarraza's First Amendment claim survived the motion to dismiss. (Doc. 31). Our report and recommendation was adopted by the court on April 3, 2017. (Doc. 34).

Presently pending before us is Chuta's motion to dismiss (Doc. 41) the plaintiff's surviving claim on the ground that Ilarraza failed to prosecute his case now that he has been released from prison and his address of record is incorrect or inaccurate. (Doc. 41). It appears that Ilarraza has not received filings at this last known address as the docket reflects that the mailed documents have been returned as undeliverable or "paroled." (Doc. 33; Doc. 36; Doc. 37; Doc. 40; Doc. 44; Doc. 47). For the reasons set forth herein, we recommend that the motion to dismiss be granted.

## II. *Legal Standards*

Under Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or

failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court...." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. U.S. Dep't of Educ.*, 408 Fed. App'x. 639 (3d Cir. 2010). The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be

3

appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. Intl. Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## III. *Discussion*

We find that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a *pro se* litigant, Ilarraza is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Chuta is prejudiced by Ilarraza's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222–23 (3d Cir.2003). Chuta is faced with excessive and possible irremedial burdens or costs due to Ilarraza's delay in resolving the issue in this matter. On May 24, 2017, Chuta filed a motion to extend the discovery deadline. (Doc. 38). In that motion, Chuta sought additional time to depose Ilarraza and to allow counsel more time to determine his whereabouts. The motion further alleged that the delay was caused by Ilarraza because of his failure to leave an accurate

4

address and his failure to update his address on the docket. We granted the motion and extended discovery until July 24, 2017. (Doc. 39). Despite the attempts by Chuta's counsel to depose Ilarraza, not knowing Ilarraza's whereabouts precludes Chuta from discovery. On August 24, 2017, we granted Chuta's motion to extend the dispositive motions deadline. (Doc. 45; Doc. 46). Thus, this factor favors Chuta.

With regard to the third factor, the court notes that, early on, Ilarraza participated in the case while an inmate. However, upon his release from prison, he has not moved the case forward, he did not leave an accurate address for counsel and the court to contact him, and he has made no other filing since May 20, 2016, when he filed his brief in opposition to Chuta's first motion to dismiss. (Doc. 30). This leads to the conclusion that, as to the third factor, there is now a history of dilatoriness. This factor favors Chuta.

As to the fourth factor, the facts to date lead to a conclusion that at this point, Ilarraza's failure to prosecute is willful or in bad faith. He filed this lawsuit, yet failed to keep the court and opposing counsel apprised of his current address. For this reason, we find Ilarraza's

5

actions to be willful and in bad faith. *See Williams v. Cambridge Integrated Serv. Grp.,* 235 Fed. App'x 870, 872 (3d Cir. 2007) (plaintiff's failure to update his address of record and his delay of over five months to inquire about his case was not excusable neglect); *Books v. Hastings*, 307 F.R.D. 343, 345 (D. Del. 2014) (plaintiff's failure to keep the court aware of his current address was willful and in bad faith). This factor favors Chuta.

As to the fifth factor, plaintiff proceeds *pro se* and has been granted *in forma pauperis* status. Hence, it is doubtful that monetary sanctions would be effective. Finally, as to the sixth factor, the court takes no position on the merits of the claim given the lack of discovery and our adopted report and recommendation of February 10, 2017. (Doc. 31). It is evident to us that Ilarraza has no intention to prosecute this case as he has not made a single filing in over twenty months nor does the record indicate that he has made any inquiry concerning the progression of his case.

## IV. *Recommendation*

For the above reasons, the court finds that the *Poulis* factors weigh

in favor of dismissal. Therefore, we recommend that the defendant's motion to dismiss for failure to prosecute be granted and the complaint be dismissed.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: November 22, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO E. RIVERA ILARRAZA, | : |
|     Plaintiff, | : CIVIL ACTION NO. 1:15-cv-2406 |
| | : |
| v. | : (Rambo, J) |
| | : (Saporito, M.J.) |
| | : |
| JAMES CHUTA, et al | : |
|     Defendants. | : |

# NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 22, 2017.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and

Recommendation may constitute wavier of any appellate rights.

s/*Joseph F. Saporito, Jr*.
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: November 22, 2017